HENRY MONK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11396.   Promulgated November 8, 1927.

*Philip D. Beall, Esq.*, for the petitioner.
*Joseph Harlacher, Esq.*, for the respondent.

OPINION.

SMITH: Petitioner claims that he is entitled to have his excess-profits tax for the year 1917 computed under section 209 of the Revenue Act of 1917, which imposes a flat-rate tax of 8 per cent upon a trade or business having "no invested capital or not more than a nominal capital." Respondent has determined that the petitioner's trade or business is one which requires more than a nominal amount of capital and has computed the excess-profits tax under the provisions of section 210 of the Act. The sections referred to read as follows:

SEC. 209. That in the case of a trade or business having no invested capital or not more than a nominal capital there shall be levied, assessed, collected and paid, in addition to the taxes under existing law and under this Act, in lieu of the tax imposed by section two hundred and one, a tax equivalent to eight per centum of the net income of such trade or business in excess of the following deductions: In the case of a domestic corporation $3,000, and in the case of a domestic partnership or a citizen or resident of the United States $6,000; in the case of all other trades or business, no deduction.

SEC. 210. That if the Secretary of the Treasury is unable in any case satisfactorily to determine the invested capital, the amount of the deduction shall be the sum of (1) an amount equal to the same proportion of the net income of the trade or business received during the taxable year as the proportion which the average deduction (determined in the same manner as provided in section two hundred and three, without including the $3,000 or $6,000 therein referred to) for the same calendar year of representative corporations, partnerships, and individuals, engaged in a like or similar trade or business, bears to the total net income of the trade or business received by such corporations, partnerships, and individuals, plus (2) in the case of a domestic corporation $3,000, and in the case of a domestic partnership or a citizen or resident of the United States $6,000.

On beginning the business in 1917 the petitioner had no money except borrowed money and no capital or materials except a few small tools of negligible value. The contracts with the Government had been obtained upon open bids without cost. It is clear that there was no invested capital employed in the business as the term is defined in section 207 of the 1917 Act. See *Cartier* v. *Doyle* (C. C. A.) 277 Fed. 152; *Gus Sun Booking Exchange Co.* v. *Deane*, 10 Fed. (2d) 378; *Empire Fuel Co.* v. *Hayes*, 295 Fed. 704. It is admitted that the $25,000 of borrowed money was used in the business and was perhaps necessary to its existence in the beginning. In *Empire Fuel Co.* v. *Hayes*, *supra*, the court found that a corporation which had borrowed all of the money used to purchase and operate a mine had

no invested capital and was, therefore, subject to be taxed under section 209. In *Cartier* v. *Doyle, supra,* it was held that a partnership engaged in buying and selling timber and lumber products which conducted its business entirely on borrowed money in considerable amount had "nominal capital" but not "invested capital" and was entitled to have its excess-profits tax computed under section 209. The facts in these cases are not distinguishable in any material respect from those in the case at bar. Those businesses can not be said to require any less use of capital than the one in which the petitioner was engaged.

The petitioner's total expenditures for the year were $607,404.78. He was not required to complete his contracts before receiving any remuneration from the Government. A part of the contract price was paid as soon as the material was delivered upon the job and another part paid when the work was completed. These funds, together with the $25,000 borrowed money, the petitioner kept in a general account out of which all the expenses of operation were paid. In *Park Amusement Co.* v. *McCaughn*, 14 Fed (2d) 553, a corporation conducting an amusement park had a capital stock of $2,000. Gross expenditures of approximately $150,000 for the year were made out of current receipts. It had a net income for the taxable year of $30,000. The court held that the corporation had not more than a nominal capital of any kind and was subject to excess-profits tax at the flat rate of 8 per cent under section 209. With respect to the expenditures made by the corporation out of current earnings, the court said:

In a sense, of course, expenditures may be said to be capital, but not in the sense in which the word is employed in any taxing laws, and not in the sense which is commonly ascribed to the word. The sum total of expenditures has usually a direct relation to the volume of business done; but it does not necessarily bear any relation to capital, because a concern with a small, although ample, capital may do a large business in one line, when the same volume of business, measured in money, may require a much larger capital in another line. To call the aggregate sum of all the money employed in buying and selling capital, when the same dollar may have been used any number of times, is to make "ducks and drakes" of words.

See also *Railroad Stevedoring Corporation* v. *Bowers*, 7 Fed. (2d) 781; *Appeal of Clarence Whybrow*, 1 B. T. A. 725; *Appeal of J. J. O'Connor & Co.*, 1 B. T. A. 1021; *Appeal of W. Wiley Wahl*, 2 B. T. A. 1106.

The weight of legal authority is that in a case where no invested capital or only a nominal capital is actually invested in the business, even though the business is conducted upon a financial plan which calls for the use of a large amount of money, as was the case here, there can not be set up a theoretical capital for the purpose of effect-

ing an harmonious application of the taxing statutes. *Gus Sun Booking Exchange Co.* v. *Deane, supra.* We think that the petitioner has proven his right to have his excess-profits tax for the year 1917 computed at the flat rate of 8 per cent, as provided in section 209 of the Act.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON, TRUSSELL, and LOVE.